```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

NETIA GRAY WARMUNDE,

                    Plaintiff,

vs.                                Case No.   2:05-cv-337-FtM-33SPC

HOME QUALITY MANAGEMENT, INC.,

                    Defendant.
_____

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. # 8) filed on November 30, 2005. Warmunde did not respond to the motion. For the reasons stated herein, the motion is GRANTED IN PART, DENIED IN PART.

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).

## II. BACKGROUND

Neitia Gray Warmunde was employed at Home Quality Management, Inc. d/b/a Fort Myers Care and Rehabilitation Center from 1993 until her discharge on November 12, 2004. (Doc. # 1, p. 3.) She was employed without incident for years and, at the time of her termination, served as Human Resources Director for HQM. (Id. at 3.) Warmunde states that

> [a]s Human Resources Director, [she] had competently supervised the activities of her department, had received "excellent" ratings for state inspections of personnel files, received excellent reviews for payroll from Christy Blavet, Payroll/IT, received verbal praise for an outstanding job from supervisors Jennifer Searl, Regional Vice President Marketing, and Henry Villa, and had at all times relevant to this Complaint, been rated superior in her job performance.

(Id. at 5.)

In May 2004, Henry Villa, an Administrator with HQM, changed Warmunde's compensation scheme from hourly to salary, keeping her

from obtaining overtime hours even though her pay rate did not change. (Id. at 4.) In July 2004, Villa awarded her a ten percent pay increase and promised an additional five percent increase on her eleventh anniversary with the company. (Id. at 4.) At that time, he explained that he was pleased with her job performance, noted and appreciated her tremendous work load and long hours, and told her that he planned to compensate her financially and hire an assistant for her. (Id. at 4.)

Without warning, on August 31, 2004, Villa placed Warmunde on a performance improvement plan and told her he was dissatisfied with her performance. (Id. at 4.) It is HQM's written policy to use performance improvement plans to inform employees about their performance and to encourage them to improve it. (Id. at 5.) According to this policy, the company gives a non-performing employee thirty days to improve and a probationary period upon demonstration of partial improvement, unless there is misconduct or some extreme violation of the company's policies. (Id. at 6.)

Warmunde claims that about a month later, Villa told Janet Cannon, HQM's Human Resources Regional Director, that even though he had been meeting with her weekly to review her improvement plan, Warmunde had not improved. (Id. at 5.) When Warmunde told Cannon that Villa had not in fact met with her at all during the month of August 2004, Cannon did not take any remedial action. (Id.) Warmunde was terminated on November 12, 2004. (Id.) Upon her

termination, she was replaced by a younger person for two months, then her job was given to an even younger female, Lizette Vega, who Warmunde had trained. (Id. at 6.)

Warmunde states that, upon information and belief, HQM assumed ownership of the company from a previous owner, Integrated Health Services, on or about November 1, 2002, at which time HQM discharged and/or obtained resignation, transfer, or demotion of older employees working on day shifts in an administrative capacity. (Id. at 5.) Warmunde claims that older workers suffered these actions in "substantial disproportion to the ages of all day shift administrative employees after the purchase" and that this occurred "on or about the same time [HQM] placed Ms. Warmunde on a performance improvement plan." (Id.) Furthermore, Warmunde claims that in July 2004, the company asked her to send to its corporate office copies of all personnel files, which indicated the ages of each individual, for all department heads. (Id.)

Warmunde believes that HQM is "impatient with 'old ways of doing things'", does not have older people working in the administrative offices on a day shift, and is "engaged in employment practices aimed at securing employees for administrative positions in the front office on day shift who are substantially younger than their predecessors." (Id. at 6.) She also states that her co-workers have reported to her that HQM's staff had

questioned them about their ages and the ages of their fellow employees. (Id.)

Warmunde claims that she reasonably relied on HQM's representations and "other positive signs in continuing her employment at HQM indefinitely, and not seeking comparable employment prior to being told her job performance was incompetent." (Id. at 7.) She also states that she believed that she would be given salary increases every year she was employed with the company. (Id.) She seeks compensation for "at least 280 hours of accrued paid time off", and for overtime worked from May 3, 2004 through October 29, 2004, which entitles her to 351 hours of overtime pay. (Id.) Warmunde also seeks the two weeks' severance pay that she says Cannon promised her upon termination. (Id.) To date, she has received only eight days' worth of severance pay. (Id.)

She also claims that "HQM knew, either actually or constructively, that the grounds for [her] discharge would be communicated to prospective employers, specifically to employers in its industry, and would be severely damaging to her ability to secure comparable employment." (Id.) Furthermore, she argues that statements that her performance was not competent were "uttered in reckless disregard for their falsity." (Id.) She argues that she has suffered emotional distress, mental anguish, physical pain and discomfort, and humiliation as a result of her discharge, and has

been unable to secure new employment in spite of her continuing efforts. (Id. at 8.)

### III. ANALYSIS

In its Motion to Dismiss or in the Alternative Motion for More Definite Statement, HQM requests that the Court either dismiss the Complaint or require Warmunde to file a more definite statement because (1) HQM has been improperly named and thus, service was insufficient, and (2) Warmunde's Complaint is a shotgun pleading. (Doc. # 8, p. 2.)  HQM also urges the Court to dismiss Counts III and IV because Warmunde's employment was terminable "at will", so counts alleging wrongful discharge or breach of contractual obligations by operation of promissory estoppel are meritless. (Id. at 3.)  For the reasons discussed herein, the Court GRANTS the Motion to Dismiss Counts III and IV for failure to state a claim. As to HQM's remaining arguments, the Court DENIES the Motion to Dismiss the Complaint but GRANTS the Motion for More Definite Statement.

#### A.  Counts III & IV

Counts III and IV are due to be dismissed because Warmunde's employment was "at will"; thus, her wrongful discharge and breach of contract claims are without merit.  In general, an at will employee "can be discharged at any time, as long as [s]he is not terminated for a reason prohibited by law, such as retaliation or unlawful discrimination." Leonardi v. City of Hollywood, 715 So.

2d 1007, 1008 (Fla. 4th DCA 1998)(citing Davidson v. Iona-McGregor Fire Prot. & Rescue Dist., 674 So. 2d 858, 861 (Fla. 2nd DCA 1996)). Neither Count III nor Count IV alleges termination for a reason prohibited by law; therefore, these claims are dismissed without prejudice.

**B. Motion for More Definite Statement**

The Court declines to dismiss the remaining counts for the reasons HQM argued in its motion but grants the Motion for More Definite Statement. HQM claims its correct name is "HQM of Fort Myers, LLC, d/b/a Fort Myers Care and Rehabilitation Center" and that the company is improperly named in the Complaint. (Doc. # 8, p. 5.) The Court does not find it necessary to dismiss the Complaint based on this allegation; after all, the misspelling of its name did not inhibit either HQM's notice of the alleged claims or their ability to respond. However, Warmunde is ordered to file a more definite statement as to the company's name in order to cure this defect in her Complaint.

As for the three counts that remain in Warmunde's Complaint, the Court orders Warmunde to provide a more definite statement as to which of the alleged facts are intended to support her remaining three claims. It is not sufficient to incorporate all of the factual allegations for each count and HQM should not be made to sift through the allegations and attempt to decipher which facts are supportive of a given claim. See Beckwith v. Bellsouth

Telecomms., Inc. 2005 U.S. App. LEXIS 18135 (11th Cir. August 22, 2005)(designating complaint as a "shotgun" pleading because "the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim...."). Thus, Warmunde must specify which factual allegations are correspond with each claim.

**IV. CONCLUSION**

For the reasons discussed supra, HQM's Motion to Dismiss Counts III and IV is GRANTED. The company's Motion to Dismiss the Complaint for failure to properly name HQM, and for failure to specify which factual allegations are supportive of each claim, is DENIED. HQM's Motion for More Definite Statement is GRANTED and Warmunde is ordered to clarify HQM's proper name and explain which factual allegations are supportive of her remaining claims.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**

1. Defendant's Motion to Dismiss or in the Alternative Motion for More Definite Statement (Doc. # 8) is **GRANTED IN PART, DENIED IN PART**.

2. HQM's Motion to Dismiss Counts III and IV is **GRANTED** and Counts III and IV are dismissed without prejudice.

3. Warmunde is granted leave to amend her Complaint within **TWENTY DAYS** to cure the defects described herein.

4. HQM's Motion to Dismiss the Complaint for failure to properly name HQM and for failure to specify which factual allegations are supportive of each claim is **DENIED**.

5. HQM's Motion for More Definite Statement is **GRANTED** and Warmunde is ordered to clarify HQM's proper name and explain which factual allegations are supportive of her remaining claims.

**DONE** and **ORDERED** in Chambers at Fort Myers, Florida, this 28th day of April, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record